UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

LINDA L. AMELUNG

Plaintiff

v.

No. SA-19-CV-00090-JKP

ANDREW SAUL, Commissioner of
Social Security,

Defendant

# ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Richard B. Farrer's Report and Recommendation filed on February 11, 2020, (ECF No. 21) and the objections thereto filed by Plaintiff, Linda Amelung. (ECF No. 22). Magistrate Judge Farrer recommends this Court affirm the Commissioner's decision. For the following reasons, the Court OVERRULES Plaintiff's objections, ADOPTS IN FULL Judge Farrer's Report and Recommendation and AFFIRMS the Commissioner's decision. Accordingly, Amelung's complaint is DISMISSED WITH PREJUDICE.

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Report and Recommendation

When, as here, a party raises objections to any of the Magistrate Judge's findings or conclusions in a Report and Recommendation, the objections must specifically identify those findings or recommendations the party wishes to have the district court consider. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general

objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). The Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the entire record and, pertinent to the objections, must conduct its own analysis of the applicable facts and make an independent assessment of the law. *Battle*, 834 F.2d at 421; *Johnson v. Southwest Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016). As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(C); *MPJ v. Aero Sky, L.L.C.*, 673 F. Supp. 2d 475, 479 (W.D. Tex. 2009).

## II.     Standard of Review of Commissioner's Determination

The District Court's review of the Commissioner's decision to deny a Plaintiff's request for disability benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Id*. (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). It is the role of the Commissioner, not the courts, to resolve conflicts in the evidence. *Newton*, 209 F.3d at 452; *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the reviewing court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.

1995). The Commissioner's findings must be affirmed if they are supported by substantial evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). A finding of no substantial evidence is warranted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (internal quotations and citation omitted); *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

DISCUSSION

Plaintiff Linda Amelung filed for disability insurance and supplemental social security benefits on December 21, 2015. Amelung proceeded through the administrative process and received a hearing before an Administrative Law Judge (ALJ) on August 8, 2017. The ALJ held Amelung is not prevented from engaging in any substantial gainful activity for any continuous period which lasted or could be expected to last for at least twelve months, and Amelung was not under a disability as defined by the Social Security Act. It is undisputed Amelung exhausted her administrative remedies.

Amelung filed this appeal of the Commissioner of Social Security's final determination upholding the ALJ's decision. In this appeal, Amelung raises the following three issues: (1) the Commissioner did not properly consider the medical evidence; (2) insufficient vocational evidence was presented to sustain the Commissioner's burden of proof; and (3) the Commissioner's decision is not supported by substantial evidence.

Magistrate Judge Farrer conducted a thorough review of Amelung's issues, finding the ALJ did not reversibly err when assessing Amelung's physical and mental residual functional capacity or when relying on testimony from the vocational expert to determine, at step 5, that Amelung could perform substantial gainful work that exists in significant numbers in the national economy.

Magistrate Judge Farrer concluded substantial evidence exists to support the Commissioner's decision.

Amelung does not assert specific, defined objections to Magistrate Judge Farrer's Report and Recommendation. Review of her brief reveals Amelung primarily asserts the same general arguments presented previously. Construing her objections broadly, it appears Amelung asserts Magistrate Judge Farrer erred by applying an incorrect legal standard, arguing he held "in essence . . . once the paragraph B criteria are utilized to determine whether an impairment is severe, they do not impact the determination of residual functional capacity." It also appears Amelung objects to Magistrate Judge Farrer's Report and Recommendation because "contrary to the court opinions cited by the learned Magistrate Judge (R&R at 15), the Supreme Court has explained that there are limits to deference to an agency's rulings." To support this objection, Amelung cites to a recent Supreme Court opinion, *Kisor v. Wilkie*, 139 S.Ct. 2400 (2019).

As required by 28 U.S.C. § 636(b)(1)(C), the Court conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. The Court concludes Amelung's objections should be overruled. First, Magistrate Judge Farrer correctly stated and applied proper legal standards regarding analysis of Steps Two and Three to the facts in this case. Next, Amelung misapplies the Supreme Court's ruling in *Kisor*, attempting to apply its language out of context and in a situation not intended. Thus, *Kisor* does not limit or call into question Magistrate Judge Farrer's deference given to the ALJ's determinations.

The Court further concludes Magistrate Judge Farrer's Report and Recommendation is an accurate statement of the facts and a correct analysis of the law in all regards. Therefore, the Court accepts Magistrate Judge Farrer's factual findings and legal conclusions contained in the Report and Recommendation. For the same reasons recited by Magistrate Judge Farrer, the Court

specifically rejects the Plaintiff's arguments on appeal. This Court's review of the evidence demonstrates the Commissioner's decision is supported by substantial evidence, and the Commissioner correctly applied legal standards in reaching the decision.

Accordingly, it is ORDERED Amelung's objections are OVERRULED, and Magistrate Judge Farrer's Report and Recommendation is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1).

It is further ORDERED that the Commissioner's decision is AFFIRMED, and Amelung's complaint is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall close this case upon entry of this order.

It is so ORDERED.
SIGNED this 20th day of March, 2020.

*[signature: Jason Pulliam]*
_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE